UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DEJUAN DALE,

    Petitioner,

v.

ERICK BALCARCEL,

    Respondent,

_____/

Civil No. 2:15-CV-13197
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER: (1) DENYING AS MOOT THE MOTION TO LIFT THE STAY, (2) GRANTING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, (3) DIRECTING THE CLERK OF THE COURT TO SERVE THE AMENDED PETITION (Doc. 17) AND THIS ORDER UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, (4) SETTING A DEADLINE FOR RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS, AND (5) DENYING AS MOOT THE MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 18).**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts.

On June 20, 2018, the Court ordered the Clerk of the Court to reopen the case following petitioner's exhaustion of state court remedies. The Court denied the motion for appointment of counsel but gave petitioner an extension of time to file an amended habeas petition.

Petitioner has filed a motion to lift abeyance and to amend the habeas petition. The motion to lift the stay is DENIED as moot. The Court grants the motion to amend the habeas petition. The Court orders that a copy of the amended petition be served upon

1

respondent and sets a deadline for a response. The Court denies as moot the motion to proceed *in forma pauperis*.

Petitioner's motion to lift the stay is moot because the Court previously reopened the case to the Court's active docket on June 20, 2018.

The Court will permit petitioner to amend his habeas petition. Petitioner's proposed amended habeas petition should be granted because it advances new claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). Additionally, because petitioner has filed this motion to amend the petition before respondent filed an answer to the original petition, the motion to amend should be granted. *See Anderson v. U.S.*, 39 F. App'x. 132, 136 (6th Cir. 2002).

The Court will further order that the Clerk of the Court serve a copy of the Amended Petition for Writ of Habeas Corpus (Doc. 17) and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry*, 2005 WL 1861943, * 2 (E.D. Mich. Aug. 2, 2005).

Respondent shall have one hundred and twenty days from the date of this order to file an answer to the amended petition. Respondent is also ordered to provide this Court with the Rule 5 materials. *See Griffin v. Rogers*, 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Petitioner has forty five days from the receipt of the supplemental answer to file a reply brief, if he so chooses. See Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

Finally, petitioner's motion to proceed in *forma pauperis* is denied as moot because he was previously granted permission to proceed *in forma pauperis* when he originally filed his petition. (See Doc. 3).

_Nancy Edmunds_
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT

DATED: 11-7-18