UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DEJUAN DALE,

    Petitioner,

v.

ERICK BALCARCEL,

    Respondent,
_____/

Civil No. 2:15-CV-13197
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

# OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Donald Dejuan Dale, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for second-degree murder, M.C.L.A. 750.317, and possession of a firearm in the commission of a felony (felony-firearm), M.C.L.A. 750.227b. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was originally charged with first-degree murder and felony-firearm. On the day scheduled for trial, the prosecutor offered to let petitioner plead guilty to a reduced charge of second-degree murder and guilty as charged to the felony-firearm charge, in exchange for dismissal of the first-degree murder charge. The prosecutor also agreed that petitioner would receive a sentence of fifteen to thirty years on the second-degree murder charge. (Tr. 7/10/13, p. 6)(ECF 22-3, Pg ID 248). Defense counsel indicated that

1

he had discussed the plea and sentence agreement several times with petitioner as well as the evidence against him. Counsel asked petitioner if he wanted to plead guilty. Petitioner initially stated: "No." The judge asked defense counsel if he had informed petitioner that the first-degree murder charge carries a sentence of life without parole. Petitioner acknowledged that counsel had informed him of the penalty. Defense counsel indicated on the record that he believed it was in petitioner's best interest to accept the plea. The judge stated that his courtroom deputy would permit petitioner to speak with his family about the plea offer. (*Id.*, pp. 7-9)(ECF 22-3, Pg ID 249-51).

After petitioner spoke with his family, he agreed to plead guilty. The terms of the plea and sentence agreement were placed on the record. (*Id.*, pp. 9-10)(ECF 22-3, Pg ID 251-52). The judge questioned petitioner extensively. Petitioner admitted that he had reviewed and signed the guilty plea form. Petitioner indicated he discussed the matter with his counsel and was satisfied with his representation. Petitioner was advised of the penalties for the charges that he would be pleading guilty, as well as the rights he would be giving up by pleading guilty. (*Id.*, pp. 11-15)(ECF 22-3, Pg ID 253-257). In response to a question from the judge, petitioner expressly denied that any threats or coercion had been used to induce his plea. Petitioner said it was his own free will to plead guilty. (*Id.*, p. 15)(ECF 22-3, Pg ID 257). Petitioner admitted to shooting and killing the victim. (*Id.*, pp. 16-17)(ECF 22-3, Pg ID 258-59).

Petitioner was sentenced on August 5, 2013. Defense counsel asked that petitioner be sentenced in accordance with the sentence agreement, although he acknowledged that petitioner wished to address the court. (Tr. 8/5/13, p. 12)(ECF 22-4,

Pg ID 273). Petitioner informed the judge that he wanted to withdraw his plea, informing her that it was never his intent to plead guilty and essentially claimed that his attorney had petitioner's family members pressure him into pleading guilty. Petitioner also claimed he had requested another lawyer from the court on June 25th, after petitioner complained about his counsel's representation, but that the judge denied his request for substitute counsel. (*Id.,* pp. 13-15)(ECF 22-4, Pg ID 274-76). The judge denied petitioner's request to withdraw his plea. (*Id.,* pp. 15-16)(ECF 22-4, Pg ID 276-77). The judge sentenced petitioner to fifteen to thirty years in prison on the second-degree murder charge and two years in prison on the felony-firearm conviction. (*Id.,* pp. 18-19)(ECF 22-4, Pg ID 279-80).

Petitioner's conviction was affirmed on appeal. *People v. Dale,* No. 319850 (Mich.Ct.App. March 11, 2014); *lv. den.* 496 Mich. 867, 849 N.W.2d 349 (2014).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts.

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Dale,* No. 12-008766-01-FC (Wayne Cty.Cir.Ct., Nov. 15, 2016). The Michigan appellate courts denied petitioner leave to appeal. *People v. Dale,* No. 338383 (Mich. Ct. App. Sept. 15, 2017); *lv. den.* 501 Mich. 1081, 911 N.W. 2d 715 (2018).

This Court subsequently permitted petitioner to reopen his case and to amend his habeas petition. Petitioner seeks habeas relief on the following grounds: (1) petitioner should have been permitted to withdraw his guilty plea because it was coerced by his lawyer and family and petitioner maintained his innocence, (2) petitioner was denied the

effective assistance of trial counsel where his counsel failed to investigate the case or contact alibi witnesses, (3) petitioner was denied the effective assistance of appellate counsel, and (4) petitioner's sentencing guidelines were incorrectly scored; trial counsel was ineffective in failing to object.

## II. Standard of Review

28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

### A. Claim # 1. The plea withdrawal claim.

Petitioner first contends that he should have been permitted to withdraw his guilty plea because he was coerced into pleading guilty by his attorney and his family. Petitioner also claims that he should have been permitted to withdraw his plea because he is innocent.

Petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748(E.D. Mich. 2005).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution,* 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton,* 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson,* 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of

a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

The evidence establishes that petitioner freely and voluntarily pleaded guilty to the charges. Petitioner was advised of the maximum penalties for the charges and the rights that he would be waiving by pleading guilty. Petitioner was advised of the terms of the plea agreement and acknowledged that this was the complete terms of the agreement. In response to the trial court's questions, petitioner denied that any threats or coercion had been used to get him to plead guilty.

Petitioner's claim that he was coerced into pleading guilty is defeated by the fact that petitioner stated on the record at the plea hearing that no threats or coercion had been made to get him to plead guilty and that he was pleading freely and voluntarily. Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea

colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750-51. Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987). Because petitioner knew about this alleged coercion at the time that he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the trial court until sentencing undermines the credibility of his claim that he was coerced into pleading guilty. *See United States v. Ford,* 15 F. App'x. 303, 309 (6th Cir. 2001). Finally, petitioner has presented no extrinsic evidence, either to the state courts, or to this Court, to substantiate his claim that his plea was made as the result of threats or duress from his family or defense counsel, so as to justify vacating his plea. *See Spencer,* 836 F. 2d at 240-41.

Moreover, the mere fact that petitioner's family members encouraged him to plead guilty to the charges was not an impermissible form of coercion that would justify setting aside his guilty plea. *See, e.g.,United States v. Gasaway,* 437 F. App'x. 428, 435 (6th Cir. 2011)("The family pressure that Gasaway alleges here is not the type of coercion that makes a defendant's acceptance of a guilty plea involuntary."); *United States v. Pellerito,* 878 F.2d 1535, 1541 (1st Cir. 1989)(holding that family pressure, though "probative of an accused's *motivation* for pleading guilty, ... does not necessarily show coercion, duress or involuntariness" (emphasis in original)); *United States ex rel. Brown v. La Vallee,* 424 F.2d 457, 461 (2nd Cir. 1970)(holding that pressure from defendant's lawyers and mother

to plead guilty was not coercive, but rather "sound advice"). Petitioner failed to show that his plea was coerced.

Petitioner next contends that he should be permitted to withdraw his guilty plea because he is actually innocent of the murder.

A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. *United States v. Jones*, 336 F. 3d 245, 252 (3rd Cir. 2003). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted). The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. See *Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996). Petitioner's mere recantation of his guilty plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* A defendant's belated claim of innocence without more is insufficient to justify withdrawal of a guilty plea. See *United States v. Gregory*, 41 F. App'x. 785, 792 (6th Cir. 2002).

Petitioner has presented no credible evidence to this Court that he is actually innocent of the crime. A federal habeas court reviewing a belated claim of innocence which contradicts a prior, valid guilty plea must draw all permissible inferences in favor of the prosecution and against the petitioner. See *Ferrer v. Superintendent*, 628 F. Supp. 2d 294, 308 (N.D.N.Y. 2008); *See also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001)(petitioner's "admissions of factual guilt are entitled to great weight"). Petitioner

clearly made out a factual basis for the charges at the plea hearing. Petitioner is not entitled to withdraw his guilty plea on his claim of innocence, in light of the fact that petitioner stated under oath at his guilty plea hearing that he was guilty of participating in the crimes for which he was convicted. *See U.S. v. Young,* 310 F. App'x. 784, 793 (6th Cir. 2009). Petitioner is not entitled to habeas relief on his first claim.

### B. Claims # 2-4. The ineffective assistance of counsel/sentencing claims.

The Court consolidates petitioner's remaining three claims because they are interrelated. Petitioner alleges the ineffective assistance of trial and appellate counsel. Petitioner also alleges in his fourth claim that his sentencing guidelines for second-degree murder were improperly scored.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at

694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F. 3d 602, 617 (6th Cir. 2005).

Petitioner first contends that trial counsel was ineffective for failing to engage in pre-trial investigation of his case or to contact his alibi witnesses.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by a guilty plea. *See United States v. Stiger*, 20 F. App'x. 307, 309 (6th Cir. 2001). Accordingly, petitioner is not entitled to habeas relief on any ineffective assistance of trial counsel claims that occurred prior to him pleading guilty.

To the extent that petitioner argues that trial counsel was ineffective for advising him into pleading guilty, instead of taking the case to trial, his claim is without merit.

The Supreme Court has noted that:

> Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function. Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances not apparent to a competent attorney when actions and advice leading to the plea took place. Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks. The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger

10

and prosecutors find stiffened resolve. A risk, in addition to the obvious one of losing the chance for a defense verdict, is that an early plea bargain might come before the prosecution finds its case is getting weaker, not stronger. The State's case can begin to fall apart as stories change, witnesses become unavailable, and new suspects are identified.

*Premo v. Moore,* 562 U.S. 115, 124-25 (2011).

The Supreme Court further admonished:

These considerations make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage. Failure to respect the latitude *Strickland* requires can create at least two problems in the plea context. First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial. In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. AEDPA compounds the imperative of judicial caution.

Second, ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. *Strickland* allows a defendant "to escape rules of waiver and forfeiture,". Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of *Strickland*. The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.

*Premo,* 562 U.S. at 125 (internal citations and quotations omitted).

Moreover, in order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty or no-contest plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not

have pleaded guilty, but would have insisted on going to trial. *Premo*, 562 U.S. at 129 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no-contest. *See Maples v. Stegall*, 340 F.3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty, because there would have been a reasonable chance that he would have been acquitted had he or she insisted on going to trial. *See Garrison v. Elo*, 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). The test of whether a defendant would have not pleaded guilty if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. U.S.*, 668 F.3d 368, 373 (6th Cir. 2012)(quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Finally, "[W]hen a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining," a federal court is required to "use a '"doubly deferential"' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

Petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading guilty. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d at 750. Petitioner failed to put forth any viable defenses that he had for the first-degree murder charge that was dismissed as part of the plea bargain. Under Michigan law, a conviction for first-degree murder requires a non-parolable life sentence, whereas a conviction of second-degree murder is parolable. *See Perkins v. LeCureux*, 58 F.3d 214, 216 (6th Cir. 1995). Petitioner faced a mandatory non-parolable life sentence if convicted of first-degree murder. Petitioner's counsel negotiated a plea agreement in which the first-degree murder charge was reduced to second-degree murder, with a sentence agreement for fifteen to thirty years in prison. Under the circumstances, trial counsel's advice to plead guilty was a reasonable strategy. *See Bonior v. Conerly*, 416 F. App'x. 475, 479 (6th Cir. 2010).

In addition, the favorable plea bargain that petitioner received weighs against a finding that counsel was ineffective for advising a plea. *See Plumaj v. Booker*, 629 F. App'x. 662, 667 (6th Cir. 2015)(citing *Pilla*, 668 F.3d at 373; *Haddad v. United States*, 486 F. App'x. 517, 522 (6th Cir. 2012)). Indeed, "the Supreme Court has never held that the benefits of a plea agreement alone cannot suffice to answer the prejudice inquiry, namely whether 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. at 59).

Finally, petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim, because any suggestion that he has a defense to these charges is "unpersuasive and lack merit." *Holtgrieve v. Curtis,* 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001). Although petitioner claims he has an alibi to the crime, he presented no such evidence to this Court. Petitioner raised his ineffective assistance of trial counsel claim in the Michigan courts in his post-conviction motion for relief from judgment. Petitioner presented no affidavits from any proposed alibi witnesses in the post-conviction motion for relief from judgment or brief in support of the motion that he filed with the Wayne County Circuit Court. (ECF 22-5, 22-6). Petitioner in his post-conviction appeal from the denial of his post-conviction motion did attach an affidavit from a Devante Burton. Mr. Burton claimed he was willing to be an alibi witness for petitioner. (ECF 22-10, Pg ID 418, ECF 22-11, Pg ID 445).

The state trial court was the last state court to adjudicate petitioner's ineffective assistance of trial counsel claim on the merits, since the Michigan appellate courts denied petitioner leave to appeal in simple form orders, which would be considered an unexplained order. *See Guilmette v. Howes,* 624 F. 3d 286, 291 (6th Cir. 2010). The United States Supreme Court held that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Therefore, *Cullen* precludes the Court from considering Mr. Burton's affidavit that petitioner failed to present to the state trial court in considering petitioner's ineffective assistance of trial counsel claim. *Cf. Campbell v. Bradshaw,* 674 F.3d 578, 590, n.3 (6th Cir. 2012)(declining to consider

testimony taken in federal evidentiary hearing because it was not part of the state court record).

In any event, Mr. Burton's affidavit is suspect, because it is signed and dated April 22, 2017, almost five years after the shooting took place on July 26, 2012. The fact that Mr. Burton never came forward in a timely manner, when he claimed that he knew that petitioner "had been wrongly convicted and was languishing in prison," undermines his credibility, particularly when there is also no indication that Mr. Burton went to the police with his allegedly exculpatory information. *See Ashmon v. Davis*, 508 F. App'x. 486, 488 (6th Cir. 2012).

Lastly, Mr. Burton's affidavit is bare bones and conclusory. Mr. Burton simply states that "I am a alibi witness of Donald Dale I was with him the day of the incident happened on July 26, 2012." Mr. Burton also stated he would be willing to testify about what happened that day. Burton, however, offers no specifics as to the details as to the times he was with petitioner, the places that they were at, or the activities that they were engaged in. Burton's vague allegation that he was with petitioner on the day of the murder without providing specifics as to the times or places is insufficient to establish an air-tight alibi. Because Burton could not have provided an "air-tight" alibi defense, counsel was not ineffective for failing to call him to testify at trial, rather than recommending a plea. *See Moore v. Parker*, 425 F. 3d 250, 253-54 (6th Cir. 2005). Petitioner is not entitled to relief on his second claim.

Petitioner in his fourth claim first argues that the sentencing guidelines on his second-degree murder conviction were improperly scored.

The Court initially notes that the prosecutor and petitioner agreed that petitioner would receive a sentence of fifteen to thirty years on the second-degree murder conviction. The trial court sentenced petitioner to fifteen to thirty years in prison. A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review. See *United States v. Livingston,* 1 F. 3d 723, 725 (8th Cir. 1993); *Gill v. Berghuis,* No. 2008 WL 1995096, * 2 (E.D. Mich. May 6, 2008); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002).

In any event, petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. See *Tironi v. Birkett,* 252 F. App'x. 724, 725 (6th Cir. 2007). Errors in the application of state sentencing guidelines cannot independently support habeas relief. See *Kissner v. Palmer,* 826 F. 3d 898, 904 (6th Cir. 2016).

Petitioner in his fourth claim also argues that trial counsel was ineffective for failing to object to the scoring of the sentencing guidelines. In light of the fact that the trial court sentenced petitioner to the sentence that he agreed upon as part of the plea and sentence bargain, petitioner is unable to establish that counsel was ineffective for failing to object to the scoring of the sentencing guidelines. See *Whitaker v. U.S.,* 186 F. App'x. 571, 573-74 (6th Cir. 2006). Petitioner is not entitled to relief on his fourth claim.

Petitioner in his third claim alleges that appellate counsel was ineffective for failing to raise his first, second, and fourth claims on his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, See Evitts v. Lucey, 469 U.S. 387, 396-397 (1985), and on first-tier discretionary appeals. Halbert v. Michigan, 545 U.S. 605, 609–10 (2005). Nonetheless, court appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983). A habeas court reviewing an ineffective assistance of appellate counsel claim must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective. Woods v. Etherton, 136 S. Ct. 1149, 1153 (2016)(per curiam).

Petitioner's first, second, and fourth are meritless. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" Shaneberger v. Jones, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir. 2001)). Petitioner is not entitled to relief on his third claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus with prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

x *Nancy G. Edmunds*
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT JUDGE

Dated: 8-6-19